## FINLEY v. ROBERTSON.

1. Under the statute, an infant is incapable of making himself a party to an action by accepting service of the summons so as to be bound by a judgment therein.
2. Infants are not bound by a judgment rendered in a cause in which they were not represented by guardians *ad litem*, appointed under the proceedings to that end prescribed by the statute law.
3. *Bulow* v. *Witte*, 3 *S. C.* 308, considered.
4. Adult defendants having accepted service of an irregular summons issued by the Court of Probate, and made no resistance to the further proceedings, or to a sale made thereunder, are estopped in action against the purchaser to recover the land, from denying the validity of the sale or the jurisdiction of the court.
5. Whether a Court of Probate has jurisdiction of an action by a creditor for the sale of land in aid of assets—raised but not determined.
6. So also of the question, whether a fee conditional passes to the heirs of the body *per formam doni* as assets for the payment of all the ancestor's debts, or as charged only with the liens and incumbrances imposed upon the land by him during his tenancy.

---

Before ALDRICH, J., Laurens, September, 1881.

Hon. J. H. Hudson, of the Fourth Circuit, sat in the place of the Chief Justice, who had been concerned in the cause.

Action by John R. Finley *et al.* against V. B. Robertson. The opinion makes a full statement of the case.

Messrs. *Brown & Tribble*, for appellants.

Messrs. *Ball & Watts*, contra.

June 10, 1882.   The opinion of the court was delivered by MR. JUSTICE HUDSON.—In 1851 John Finley was seized in fee simple of a tract of 547 acres of land in the County (then District) of Laurens, called the homestead tract, on which he lived. In 1852 he died, leaving of force his last will and testament, in which, among other provisions, he devised as follows: "I give to my son James Finley, and the heirs of his body, after the death of my wife, Polly Finley, my homestead tract of land whereon I now live."   The testator nominated his said son, James Finley, executor of his said will, the administration of which he undertook, and in 1864 his accounts were passed upon by the ordinary of Laurens District, who directed him to reserve until the proper time a legacy of $2000.00 specially bequeathed by the testator to his granddaughter, Mary Francis Finley, child of Hampton G. Finley, and to pay to her and to each of four residuary legatees the sum of $4697.75 found to be due to them respectively.

In 1861, Polly Finley, the widow of testator, died, and in 1871 James Finley died, leaving the present plaintiffs surviving heirs of his body.   John R. Finley administered upon the estate of his father, James; and in 1875, Mary Francis Finley, who had intermarried with Thomas Langston, joined her said husband in an action in the Court of Probate for the County of Laurens, against John R. Finley as administrator of the estate of James Finley, deceased executor of John Finley, to recover of him the pecuniary legacies bequeathed to Mary Francis in the will aforesaid.   The judgment recovered in this action was for the total sum (principal and interest) of $10,951.29.

Subsequently the said Fannie Langston and Thomas Langston, her husband, as creditors of the estate of James Finley,

entered suit in the said Court of Probate in the nature of a creditors' bill to marshal the assets of the estate of James Finley, and to sell his land in aid of the personalty to pay debts. To this action the administrator aforesaid of James Finley and all and singular the children who were the heirs of his body were made parties defendant by the acceptance of service of a summons signed neither by the attorneys of the plaintiffs, nor by the Probate Judge, but with it a complaint which was duly signed by counsel. Except as to the signature the summons was in due form, and the complaint, of which service was likewise accepted, clearly set forth the object of the suit. Of the defendants thus accepting service, all were adults except Margaret T. Finley and Thomas R. Finley, who were aged respectively about sixteen and eighteen years.

On October 5th, 1877, W. H. Langston, father of the plaintiff, Thomas Langston, was appointed by the Probate Court *guardian ad litem* of these two minor defendants, but the record fails to show that any notice of the application for the appointment was given to the minors or that they in any manner assented to or asked for the appointment, or had any knowledge thereof. None of the adults answered, nor have we any record of an answer for the infants. Fannie Langston died pending suit, leaving a will, and her executor, her husband, Thomas L., became sole plaintiff.

The action was then prosecuted to judgment, and on October 8th, 1877, three days after the order appointing W. H. Langston guardian as aforesaid, the court decreed a sale of the land of James Finley devised as aforesaid, and directed the proceeds to be applied to the debt due Mary Francis Langston, deceased. Accordingly the land was sold in November, 1877, at public outcry, and was purchased by V. B. Robertson, for the sum of $4225, and he received titles from the Probate Court. No defence was made by the adult children of James Finley nor by the guardian of the minors to these proceedings, nor was any appeal taken; and no objection to the sale was interposed by any of them. In December, 1877, V. B. Robertson ousted the family of James Finley, defendants to that action, and took possession of the land; and thereafter, to wit, on September 7th,

1880, they began this action in the Court of Common Pleas for
Laurens, to recover of the said V. B. Robertson possession of
the said land with rents and profits and damages. The defend-
ant, Robertson, relies in his defence upon the deed under the
sale by the Probate Court.

At the term of the court for Laurens, September 26th, 1881,
the cause came on for trial before Judge A. P. Aldrich and a
jury. In support of their claim the plaintiffs proved the death
of John Finley, and his last will and testament, in which this
land was devised to James Finley and the heirs of his body;
the possession of the land by James after the death of his
mother, Polly, the birth of the plaintiffs as lawful children of
James, and his death, leaving them surviving him and in pos-
session of the land; the ouster by the defendant, his occupa-
tion, and the value of rents and profits, and rested.

The defendant Robertson, in support of his title, then offered
in evidence his deed and the proceedings in the Probate Court
under and by virtue of which his title was acquired against the
present plaintiffs. To this evidence the plaintiffs objected
upon the ground that the Court of Probate had no jurisdiction
of the subject-matter of that action. This objection was over-
ruled by the presiding judge, and the deed and record having
been introduced, and the land identified, the defendants rested.
In reply the plaintiffs offered to prove by Thomas R. Finley
that no copy of summons and complaint was served on him,
and no papers whatever in the action were ever served on him,
nor notices received, and that at that time he was living at Honea
Path in Anderson County. After he had so testified the testi-
mony was ruled out at the instance of the defendant, and the
evidence was closed.

In the argument the counsel for the plaintiffs urged upon
the court: 1. That the Court of Probate has no jurisdiction
to entertain an action by a creditor to marshal the assets of an
insolvent estate. 2. That the proceedings are fatally defective
in that no summons was signed by counsel nor the clerk of the
Probate Court. 3. That minors cannot be made parties to an
action by acceptance of service, nor can a guardian *ad litem* be
appointed to represent them except in the mode prescribed by

statute. 4. That the devise to James Finley of this tract of land by the testator John Finley created in him a fee conditional, which descended to the plaintiffs *per formam doni* free and discharged of the debts of the tenant in fee conditional except as to liens and incumbrances specially created; and that the sale thereof by even a court of competent jurisdiction to pay debts other than such liens and incumbrances is void. 5. That the simple acquiescence of the plaintiffs in a void sale does not conclude their rights.

Such is the substance of the argument of the plaintiffs' counsel, and the same was by way of requests to charge formulated into various propositions, and submitted to his honor, the presiding judge. All were overruled, and the defendant's title was held to rest upon proceedings before a court of competent jurisdiction and regular in form. The jury rendered a verdict for the defendant, and the plaintiffs on appeal renew these propositions before this court.

We feel no hesitancy in holding that the judgment of the Court of Probate of October 8th, 1877, decreeing a sale of this tract of land, is not binding upon the minors, and does not conclude their rights. The mode of making infants parties to an action in a court of record is clearly and expressly prescribed by statute, and a due and tender regard for the rights and welfare of infants requires that this statute shall be strictly followed. An infant is incapable of making himself or herself a party to an action by accepting service, so as to be bound by a judgment therein. All the formalities prescribed by statute must be complied with.

Equal care must be observed in the appointment of a guardian *ad litem*, the prerequisites to which appointment are likewise clearly enacted. The record of this inferior court fails to show that the law has been complied with in that action, either in making the infants parties, or in·the appointment of a guardian *ad litem;* on the contrary it shows that the proper steps were *not* taken; and the parol testimony of Thomas R. Finley, which the judge erroneously ruled out, proves that the most essential steps to make him a party and to have him represented by à *guardian ad litem* were never taken. Thomas

R. Finley and his sister Margaret are not concluded by that judgment, and are not barred thereby of the right to their share of this land.

Even under the law and the practice prior to 1868, when the exact method of making infants parties to actions, and securing for them *guardians ad litem*, was not fixed by statute, but depended upon established rules of practice in the courts, we search in vain for a decision of a tribunal of law or of equity sustaining a judgment against infants brought in and represented as these were. The case of *Bulow* v. *Witte*, 3 *S. C.* 308, which perhaps relaxes the rule in such cases as much if not more than any other decision, wants much of sustaining the proceedings in the case now under review. An examination of that case discloses the fact that the greatest caution and care were exercised by the chancellor and master in having the infants represented by a *guardian ad litem* duly appointed, and one by nature disposed to be zealous and watchful of the welfare of her own children. In the present instance the guardian was most irregularly appointed, and was a person by natural relations inclined to be friendly to the plaintiff, his son and *daughter-in-law*, and antagonistic to the infants.

Now as to the adults who were defendants in that action the case is very different. Being *sui juris*, they are responsible for their conduct and must abide the consequences of a failure to defend their rights at the proper time. They accepted service of the summons and complaint, and thereby became presumedly aware of the nature, scope and object of the proceedings begun in the Court of Probate. Having this knowledge, they entered no appearance, filed no answers, made no defence, and took no steps to have a higher court to correct the judgment of the inferior court, nor in any way to interfere therewith by any of the proceedings known in law and available.

Furthermore they raised no objection to the sale of the property, and thus indirectly if not directly encouraged the defendant to lay out and expend his money in buying their property. By this conduct they are estopped to deny the validity of the sale or the jurisdiction of the court. They cannot now be

admitted to question the title of the defendant, Robertson, to that property which was sold under proceedings to which they were parties, and to which they made no objections. Having the opportunity to defend against the informality of the summons and the powers of the court, they neglected to do so, and the rights of a third party having intervened, the door is now closed against a defence which they should have availed themselves of at the proper time.

The very interesting question of jurisdiction of the Probate Court over actions by creditors to marshal the assets of an insolvent need not here be determined, because, under the facts and circumstances of this case, we hold that the plaintiffs in this action who were adult defendants in the action before the Court of Probate are estopped whether that court had jurisdiction or not, and the two who were then infants are not estopped, regardless of the question of jurisdiction, for the reason that they were not parties thereto.

For the same reason we deem it unnecessary to decide whether an estate in fee conditional, descending as it must *per formam doni* to the heirs of the body of the tenant in fee conditional, carries with it in its descent only the liens and incumbrances imposed by the ancestor, or whether it became in the hands of the heirs of his body assets for the payment of his debts generally. This question can avail the plaintiffs no more than the serious question of jurisdiction. The adults cannot raise it, and the infants need not.

The verdict and judgment below must stand as against all the plaintiffs except Thomas R. Finley and Margaret T. Finley, as to whom there must be a reversal. It is therefore ordered and adjudged that, in favor of these two plaintiffs, the said verdict and judgment of the Circuit Court be set aside and a new trial be had; and that the said two plaintiffs have leave to amend their complaint so as to ask for a partition of the said land in the possession of their tenant in common, V. B. Robertson, should they be so advised; and that the appeal of the remaining plaintiffs be dismissed.